IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CIVIL ACTION NO. 05-683 |
| v. : | |
| : | |
| JOSLYN MORGAN : | CRIMINAL NO. 01-242-01 |

**REPORT AND RECOMMENDATION**

THOMAS J. RUETER                              May 26, 2005
United States Magistrate Judge

      Presently before the court is a <u>pro se</u> Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 68) pursuant to 28 U.S.C. § 2255. For the reasons that follow, the court recommends that the motion be denied.

**I.   BACKGROUND**

      Defendant was arrested after selling two kilograms of cocaine to a government informant. During that purchase, the informant, who was wearing a body wire, recorded the defendant stating that future deliveries would be made by an associate, but that defendant would oversee the operations. A search of defendant's apartment after his arrest uncovered an additional half-pound of cocaine. The defendant previously had been convicted of a felony drug offense in 1984 and was still on supervised release for that offense at the time of his arrest. Defendant later entered into a cooperation agreement with the Government and provided information concerning the activities of a co-defendant, resulting in a guilty plea of that individual, and provided other information to representatives from the New Jersey Attorney General's Office relevant to investigations that office was conducting at that time. See <u>United States v. Morgan</u>, 2003 WL 21401747 at *1 (3d Cir. June 16, 2003) (summarizing the evidence).

On August 16, 2001, defendant pled guilty to three counts of an Indictment for conspiracy to distribute cocaine and possession of cocaine with intent to distribute. On May 23, 2002, the late Honorable Jay C. Waldman sentenced defendant to a prison term of eight years, after granting him a downward departure pursuant to U.S.S.G. § 5K1.1 from the statutorily mandatory minimum sentence of twenty years.

Petitioner's counsel, Christopher D. Warren, Esquire, filed a notice of appeal. However, Mr. Warren later requested permission to withdraw the appeal pursuant to Anders v. California, 386 U.S. 738 (1967). On June 16, 2003, the Court of Appeals for the Third Circuit granted Mr. Warren's request after concluding that there were no meritorious appeal issues. United States v. Morgan, 2003 WL 21401747 at *2 (3d Cir. June 16, 2003).

In its unpublished opinion, the Third Circuit rejected defendant's arguments that the trial judge committed errors at sentencing. The court stated the following:

> As noted, the District Court granted Morgan a 12-year downward departure from the minimum term prescribed for his offense and a 39-month downward departure from the minimum term prescribed by the guidelines. The record confirms that, in doing so, the District Court sufficiently considered the factors set forth in the U.S. Sentencing Guidelines Manual § 5K1.1. Thus, this Court lacks jurisdiction to review the sentence imposed by the District Court. United States v. Torres, 251 F.3d 138, 151-52 (3d Cir. 2001). For similar reasons, we agree that there is no conflict with Apprendi v. New Jersey, 530 U.S. 466 (2000); the sentence imposed was not in excess of the maximum penalty permitted by law for Morgan's crime.
>
> Finally, the increase of Morgan's base offense level for the management or supervision of his co-defendant likewise provides no meaningful basis for appeal. We are satisfied that Morgan's statements to the Government's informant were more than sufficient to justify the finding on that adjustment. Any appeal on those grounds would have amounted to no more than "make weight" under these circumstances.

Id. at *1-2.  Petitioner did not file a petition for a writ of certiorari with the Supreme Court of the United States.

## II.    DISCUSSION

On February 14, 2005, defendant filed his Motion to Vacate/Set Aside/Correct Sentence.  On March 30, 2005, defendant re-filed his motion, using the form prescribed by the court (Doc. No. 71).  He alleges that the imposition of a two-base offense level increase at sentencing for a supervisory role pursuant to U.S.S.G. § 3B1.1(c) was unconstitutional because the court imposed the sentence enhancement by a preponderance of the evidence standard and not beyond a reasonable doubt standard, and that the enhancement was neither found by the jury nor was it admitted by the defendant.  (Petition at ¶ 12).  In support of his argument, petitioner relies upon Blakely v. Washington, 124 S.Ct. 2531 (2004) and United States v. Booker, 125 S.Ct. 738 (2005).

Blakely was decided on June 24, 2004.  In that case, the Court held that Washington State's determinate sentencing scheme, a scheme similar to the Federal Sentencing Guideline, violated the Sixth Amendment right to a jury trial.  Blakely, 124 S.Ct. at 2538.  The Court held that it was improper for the state's judges to impose sentences that were not based solely on facts reflected in the verdict of the jury or admitted by the defendant, and to use a preponderance of the evidence standard to find the facts necessary to that imposition.  Id. at 2536-39.

On January 12, 2005, the Court in Booker concluded that the holding in Blakely applies to the Federal Sentencing Guidelines.  125 S.Ct. at 756.  In an opinion authored by Justice Stevens, the court held that the Guidelines were unconstitutional because they allowed

judges to find facts that lead to a greater sentence than that authorized by the facts established by a plea of guilt or a jury verdict. Id. at 746-56. In a second opinion, authored by Justice Breyer, the court held that henceforth the Guidelines would be advisory, not mandatory. Id. at 756-69.

Defendant's claim for relief should be interpreted as being based solely on Booker since Blakely did not invalidate the Federal Guideline System and Booker established a new rule for the federal system. However, defendant's claim based on Booker must be denied because that decision was issued after defendant's conviction became final and Booker does not apply retroactively to cases on collateral review. Defendant's conviction became final on September 15, 2003, ninety days after the Court of Appeals affirmed his conviction. See Kapral v. United States, 166 F.3d 565, 572 (3d Cir. 1999) (explaining that when a defendant does not seek a writ of certiorari, the judgment of conviction becomes final upon the expiration of the time allowed for certiorari review). This date is fifteen months prior to the issue in Booker. In Lloyd v. United States, 2005 WL 1155220 (3d Cir. May 17, 2005), our Court of Appeals held that the Supreme Court's decision in Booker did not apply retroactively to cases on collateral review. Id. at *6. Accordingly, the defendant's motion must be denied.

The court makes the following:

### **R E C O M M E N D A T I O N**

AND NOW, this      day of May, 2005, it is respectfully recommended that the Motion to Vacate, Set Aside, or Correct Sentence be **DENIED** and that no certificate of

appealabilty be granted.[1]

                                                 BY THE COURT:

                                                 _____
                                                 THOMAS J. RUETER
                                                 United States Magistrate Judge

---

[1] The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further.  See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).